14

Mark A. Wolff (175570)
WOLFF & WOLFF
8861 Williamson Drive. Suite 30
Elk Grove CA 95624
Phone: (916) 714-5050
Fax:    (916) 714-5054
e-mail: attorneys@wolffandwolff.com

Attorney for Plaintiffs

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF CALIFORNIA
## SACRAMENTO DIVISION

| | |
|---|---|
| In re: | Case #: 07-29855-B-13J |
| Horace M. Simpson | Chapter: 13 |
| Gwendolyn Simpson, | |
| Debtors. | |
| Horace M. Simpson | Adversary #: |
| Gwendolyn Simpson, | DC #: |
| Plaintiffs, | |
| v. | |
| Chase Home Finance, LLC, | |
| US Bank National Association, | Date: n/a |
| JPMAC 2005 WMC 1 JP Morgan Mortgage Acquisition Corp 2005-WC-1 | Time: n/a |
| JP Morgan Acquisition Corp. | |
| JP Morgan Acceptance Corporation I | Courtroom: n/a |
| JP Morgan Chase Bank, | |
| Does 1 - 10. | |

COMPLAINT FOR DECLARATORY RELIEF, OBJECTION TO CLAIM, AND DAMAGES, ATTORNEY FEES AND PUNITIVE DAMAGES FOR VIOLATION OF 11

2008-02618
FILED
November 12, 2008
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0001506608

U.S.C. §362

Plaintiffs, Horace M. Simpson and Gwendolyn Simpson, by and through their attorney Mark A. Wolff of Wolff & Wolff, hereby allege as follows:

GENERAL ALLEGATIONS

1. Jurisdiction of this Court over the instant adversary proceeding is based upon 28 U.S.C. §§ 157, 1344, 1335, and 1397. This proceeding arises in and relates to the Chapter 13 bankruptcy case of Horace Simpson and Gwendolyn Simpson (hereinafter "Debtors" or "Plaintiffs"), case number 07-29855-B-13J.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(A), (E), (G), (N), and (O).

3. Plaintiffs filed the above referenced Chapter 13 case, number 07-29855-B-13J, on or about November 19, 2007 (Chapter 13).

4. At the time this case was filed, Plaintiffs owned real estate located at 8319 Harney Way, Sacramento, California ("Real Property"). The Real Property is Plaintiffs' residence and principal business location.

5. On June 23, 2005, WMC Mortgage Corp. Made a loan in the amount of $650,000.00 ("Loan") to Plaintiffs for the purchase of the Real Property. In exchange for the Loan, Plaintiffs executed and delivered an adjustable rate note together with an Adjustable Rate Rider and Balloon Rider in the original principal amount of $650,000.00 ("Note") to WMC Mortgage Corp. As additional consideration, and as security for repayment of the Loan, Plaintiffs executed and delivered to WMC Mortgage Corp., as beneficiary, a Deed of Trust ("Deed") dated June 23, 2005.

6. The Deed evidences security for the Note and encumbers real property commonly known as 8319 Harney Way, Sacramento CA 95829, Plaintiffs' Real Property.

7. Since 2004 Plaintiffs have owned and operated Simpson's Room and Board. Since

2004 Plaintiffs have operated Simpson's Room and Board out of the Real Property. At the time of the purchase of the Real Property, Plaintiffs operated Simpson's Room and Board and at that time had 9 clients. Upon the purchase of the Real Property Plaintiffs' clients moved with Plaintiffs to the Real Property. In connection with the purchase of the Real Property, Plaintiffs stated both their income from the operation of Simpson's Room and Board as well as contributions from family members.

8. As the owners and operators of Simpson Room and Board, plaintiffs are care givers for adult clients who reside on Plaintiffs' Real Property. The Real Property was purchased with the knowledge and intent that Plaintiffs would continue operating Simpson's Room and Board and that all of the clients at that time would be moved to the new Real Property, Harney Way..

9. The Note provides for an initial interest rate of 6.35%. The Note provides for changes in the interest rate and the monthly payments beginning on July 1, 2007 and on the 1st of every 6th month thereafter. The Note further provides that the "index" is the six month London Interbank Offered Rate ("Libor") and that the interest rate can be calculated by adding six percentage points. The interest rate will not be greater than 9.35% or less than 6.35% at the first Change date. Thereafter the interest rate will never be increased or decreased on any single change date by more than One percentage point (1.00%) from the rate of the preceding 6 months. The interest rate will never be greater than $12.85% or less than $6.35%.

10. The Note and Deed were transferred to Chase Home Finance LLC, US National Association, 2005 WMC 1 JP Morgan Mortgage Acquisition Corp. 2005-WMC-1, JP Morgan Acquisition Corporation, JP Morgan Acceptance Corporation I, and/or JP Morgan Chase Bank ("Defendants").

11. Plaintiffs filed for relief under Chapter 13 of the United States Bankruptcy Code

(Title 11) on November 19, 2007 and such case was assigned case number 07-29855-B-13J ( "Chapter 13").

12. At the time of the filing of the Chapter 13 Plaintiffs owned their Real Property and listed their Real Property on Schedule A filed in Plaintiffs Chapter 13.

13. From and after September 2005 through the filing of Plaintiffs Chapter 13, Plaintiffs were receiving Monthly Loan Statements from Chase, Chase Manhattan Mortgage Corporation, and/or Chase Home Finance, LLC.

14. On or about December 3, 2008 the Chapter 13 Trustee caused a "Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors and Deadlines" to be served upon all of Plaintiffs' creditors, including Defendants.

15. Defendants had actual knowledge of the filing of Plaintiffs' Chapter 13 on or before December 14, 2008.

16. On or about December 14, 2008 Defendants caused a Request For Special Notice to be filed in Plaintiffs' Chapter 13. Such notice was filed on behalf of Chase Home Finance, LLC.

17. On or about December 14, 20087 Defendants caused a Notice of Addresses To Be Used In Specific Case Pursuant to 11 U.S.C. §342(e) to be filed in Plaintiffs' Chapter 13.

18. On or about December 14, 2008 Defendants caused a Proof of Claim to be filed in Plaintiffs' Chapter 13.

19. On November 19, 2007 Plaintiffs filed a Chapter 13 Plan which provided that Defendants would be a "Class 1" claimholder. As a Class 1 claimholder Plaintiffs promised to pay all pre-petition arrears through the Chapter 13 Trustee based upon allowed claims. Additionally post petition monthly payments, determined as if the loan was current, would also be paid to Class 1 claimholders, through the Chapter 13 Trustee, without the filing of a claim.

20. On January 29, 2008 Plaintiffs caused a First Amended Chapter 13 Plan to be filed which provided that Defendants would be a "Class 1" claimholder.

21. On May 27, 2008 Plaintiffs caused to be filed a Second Amended Chapter 13 Plan which provided that Defendants would be a "Class 1" claimholder. As a Class 1 claimholder Plaintiffs promised to pay all pre-petition arrears through the Chapter 13 Trustee based upon allowed claims. Additionally post petition monthly payments, determined as if the loan was current, would also be paid to Class 1 claimholders, through the Chapter 13 Trustee, without the filing of a claim.

22. On October 7, 2008 Plaintiffs caused to be filed a Third Amended Chapter 13 Plan which provided that Defendants would be a "Class 1" claimholder. As a Class 1 claimholder Plaintiffs promised to pay all pre-petition arrears through the Chapter 13 Trustee based upon allowed claims. Additionally post petition monthly payments, determined as if the loan was current, would also be paid to Class 1 claimholders, through the Chapter 13 Trustee, without the filing of a claim.

23. At the time Plaintiffs' Chapter 13 bankruptcy was filed, the value of the Real Property was $700,000.00 or less.

24. Defendants caused a Proof of Claim to be filed in Plaintiffs' Chapter 13 on December 14, 2007, through which it alleged that Plaintiffs owed total debt of $703,644.64 and pre-petition arrears in the amount of $58,769.03 on November 19, 2007.

25. After the court sustained Plaintiffs' objection to the amount of attorney fees included in Defendants' claim, Defendant caused an Amended Claim to be filed on March 19, 2008 through which it alleged that Plaintiffs owed total debt of $702,994.64 and pre-petition arrears in the amount of $58,769.03 on November 19, 2007.

26. Through is Amended Claim filed March 19, 2008, Defendant alleged that the

arrears existing on November 19, 2007 consisted of: Payments from May 1, 2007 through July 1, 2007 in the amount of $3,736.23 each, totaling $11208.69, Payments from August 1, 2007 through November 1, 2007 in the amount of $5,155.29 and totaling $20,621.16, Taxes in the amount of $21,266.96, Foreclosure fees of $77.28, Insurance of $4,952.00, Bankruptcy Attorney fees of $500.00, Other unpaid fees of $85.00, and a Suspense Balance of $(592.06).

27. The Note and Deed of Trust contain provisions for the collection of escrow items, including taxes, assessments, and insurance premiums.

28. The preparation of the escrow analysis or similar document is performed routinely when Defendants are advised of the filing of a bankruptcy case and/or for the preparation of proofs of claims to be filed in bankruptcy cases.

29. On June 5, 2007 Defendants caused an Annual Escrow Account Disclosure Statement to be prepared through which Defendant advised Plaintiffs that the payments for the months of July 2007 through June 2008 would consist of principal and interest of $3736.23, Escrow of $752.08, and Escrow Shortage of $651.78 for total payments due of $5,140.09.

30. On November 28, 2008 Defendants caused an Annual Escrow Account Disclosure Statement to be prepared through which Defendant advised Plaintiffs that the payments for the months of January 2008 trough December 2008 would consist of principal and interest of $5,155.29, Escrow of $837.89, and Escrow Shortage of $507.31 for total monthly payment due of $6,500.49

31. On or about January 4, 2008 Defendants advised Jan P. Johnson, Chapter 13 Trustee in Plaintiffs' Chapter 13, that post petition monthly payments would be changing effective February 1, 2008. The amount demanded was $6,605.84 and consisted of "P&I" of $5,651.58 and an "Escrow" of $954.26.

32. On March 17, 2008 Defendants advised Plaintiffs that the current payment amount

|   |     |   |
|---|-----|---|
| 1 |     | was $6,605.84 and consisted of principal and interest of $5,651.58 and an Escrow/Impound of $954.26. |
| 3 | 33. | On or about June 3, 2008 Defendants advised Jan P. Johnson, Chapter 13 Trustee that post petition monthly payments would be changing effective July 1, 2008. The amount demanded was $7,098.13 and consisted of "P&I" of $5,651.58 and an "Esc Pmt" of $1,189.89 and a "Shortage Spread" of $256.66. |
| 7 | 34. | On September 11, 2008 Defendants advised Plaintiffs through a Mortgage Loan Statement that the current was $6,663.71 and consisted of principal & Interest of $5,157.16 an Escrow of $1,446.55 and a California conventional Demand Fee of $60.00. The September 11, 2008 statement further evidence a receipt in the amount of $7,098.13 and application of $5,155.29 toward principal and interest. |
| 12 | 35. | Property taxes for the 2005-2006 tax year totaled $4,963.30. |
| 13 | 36. | Supplemental tax bill for 2005-2006 tax year totaled $3,786.38. |
| 14 | 37. | Property taxes for the 2006-2007 tax year totaled $9,024.94 (without penalties). |
| 15 | 38. | Property taxes for the 2007-2008 tax year totaled $10,054.72 (without penalties). |
| 16 | 39. | Property taxes for the 2008-2008 tax year totaled $7,209.36 (without penalties). |
| 17 | 40. | Debtors are informed and believe that the 2008-2009 property taxes and subsequent property taxes will be reduced due to the reduction of the value of the real property. |
| 19 | 41. | Plaintiffs maintained insurance on their Real Property through Farmers Insurance Group with Policy number 927394865 between June 27, 2005 and June 27, 2006 and policy number 931680230 between September 9, 2006 and February 12, 2007. There was a lapse in coverage of Farmers policy 931680230 between December 4, 2006 through December 12, 2006. |
| 24 | 42. | Plaintiffs maintained insurance on their Real Property through Liberty Mutual with policy number H32-268393723-70 from January 6, 2007 through January 6, 2008. Plaintiffs continue to maintain insurance on their Real Property through Liberty |

Mutual which became effective and January 6, 2008 through January 6, 2009.

## FIRST CAUSE OF ACTION
### (Declaratory Relief)

43. Plaintiffs reallege and incorporate by reference paragraphs 1 through 42 as if set forth herein. Plaintiffs bring this cause of action for declaratory relief against Defendants Chase Home Finance LLC, US National Association, 2005 WMC 1 JP Morgan Mortgage Acquisition Corp. 2005-WMC-1, JP Morgan Acquisition Corporation, JP Morgan Acceptance Corporation I, and/or JP Morgan Chase Bank, and Does 1-10.

44. An actual controversy now exists between Plaintiffs and Defendants in that there is a dispute as to the amount of the required post petition monthly payments to be made to Defendants. Plaintiffs desire a judicial determination of their rights and obligation, including a statement of the amount of contractual monthly payments, and a declaration as to which party's interpretation is correct.

45. An actual controversy now exists between Plaintiffs and Defendants in that there is a dispute as to the extent of Defendants' security interest. There is currently a dispute as to whether Plaintiffs may modify the rights of Defendants' claims. Plaintiffs contend that because the Real Property is both the principal location of their business and their residence the debt is not subject to the prohibition against modification of 11 U.S.C. §§ 1322(b)(2)&(5). Plaintiffs desire a judicial determination of their rights and obligation, and a declaration as to which party's interpretation is correct.

46. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs may ascertain their rights and obligations under the note and deed of trust because Plaintiffs are continuing to make payments

to Defendant and the amount of the payments is in dispute. Additionally, the amount of "arrears" is also in dispute. Plaintiffs contend that the amount of "arrears" stated in Defendant's claim is overstated as Defendant has included taxes and insurance both as separate items and as a component of some of the missed payments.

47. Plaintiffs request that on the first cause of action for declaratory relief, that the Court: 1) find and determine the amount of post petition monthly payments, 2) find and determine the extent of Defendants' security interest and the applicability of 11 U.S.C. §§ 1322(b)(2)&(5), 3) find and determine the total arrears owed to Defendants as of November 19, 2007, 4) authorize an accountant to ascertain the actual amount of the debt that Plaintiffs owe to Defendants as of November 19, 2007, 5) Find and determine that Defendant has charged unreasonable and/or excessive insurance charges.

## SECOND CAUSE OF ACTION

**(Violation of Automatic Stay, 11 U.S.C. §362)**

48. Plaintiff realleges and incorporates by reference paragraphs 1 through 47 as if set forth herein.
49. Defendants had or obtained actual knowledge of Plaintiffs' Chapter 13 and the automatic stay of 11 U.S.C. §362 on or before November 28, 2007.
50. Defendants had or obtained actual knowledge of Plaintiffs' Chapter 13 and the automatic stay of 11 U.S.C. §362 on or before December 14, 2007.
51. In accordance with its policies and procedures for accounts involved in bankruptcy, Defendants performed an analysis of Plaintiffs' account on or before December 14, 2008.
52. Defendants included at least a portion of the amounts owed, or alleged to be owed,

by Plaintiffs as a result of the escrow items in the proof of claims filed in Plaintiffs Chapter 13.

53. Defendants included taxes and insurance advance in the March 19, 2008 proof of claim both as separate components of the pre-petition arrears as well as including the missed payments August 2007 through November 2007, which amount included principal, interest, escrow, and escrow shortage.

54. Defendant collected or attempted to collect at least a portion of Plaintiffs pre-petition debts through increased post petition escrow payments.

55. Defendant collected or attempted to collect pre-petition escrow item shortages through increased post petition Class 1 ongoing payments.

56. Defendants actions in collecting pre-petition debt, including pre-petition escrow item shortages, from Plaintiffs was an intentional act.

57. Defendants's actions in collecting pre-petition debt, including pre-petition escrow item shortages, from Plaintiffs was with knowledge of Plaintiffs' Chapter 13.

58. Defendants' actions in collecting pre-petition debt, including pre-petition escrow item shortages, from Plaintiffs was a violation of 11 U.S.C. §362.

59. As a proximate cause of Defendants' intentional actions in violation of the automatic stay the Plaintiffs have sustained damages, including but not limited to:
   a. Increased monthly mortgage payment which resulted from Defendants' actions in collecting pre-petition debt through increasing the post-petition payments.
   b. Plaintiffs have incurred attorney fees to enforce the terms of the note and deed of trust, and Chapter 13 Plan, including but not limited to this lawsuit.
   c. Plaintiffs have incurred attorney fees to enforce the terms of the Chapter 13 Plan, including legal expenses related to the 11 U.S.C. § 362 stay violations.
   d. Plaintiffs have suffered substantial emotional distress as a result of

Defendants' actions.

    e.     Plaintiffs have incurred additional damages in the form of lost income as a result of Defendants' actions.

60. Defendants' actions in violation of 11 U.S.C. §362 and/or collection of pre-petition debt, including pre-petition escrow item shortages were as a result of Defendants' failure to maintain policies and procedures sufficient to prevent violations of 11 U.S.C. §362. Plaintiffs are entitled to punitive damages pursuant to 11 U.S.C. § 362(k)(1):

    a.     Defendants' policies and procedures are flawed and fail to prevent violations of 11 U.S.C. §362.

    b.     Defendant has failed to maintain policies and procedures to remedy violations of 11 U.S.C. §362.

    c.     Defendants' actions constitute a violation of the automatic stay for which punitive damages are available and appropriate pursuant to 11 U.S.C. §362(k)(1) [formerly 11 U.S.C. §362(h)].

    d.     Defendants' actions in collection of pre-petition debt, including pre-petition escrow item shortages from Debtors post petition amounted to a reckless or callous disregard for the law and the rights of Plaintiffs.

61. Plaintiffs request that on the second cause of action for violation of the automatic stay, 1) the Court order that Defendants cease all actions in violation of the automatic stay, 2) Plaintiffs be awarded damages for actual damages, including damages related to economic damages and emotional distress, 3) costs, 4) attorney's fees, 5) punitive damages pursuant to § 362(k)(1)(formerly 362(h)) in the amount of $250,000.00 or in the amount the Court deems just and proper for egregious, malicious, willful, and unconscionable actions on part of the Defendants, and 6) such other relief as the Court deems to be just and proper.

## THIRD CAUSE OF ACTION

### (Objection to Claim)

62. Plaintiff realleges and incorporates by reference paragraphs 1 through 61 as if set forth herein.

63. Through is Amended Claim filed March 19, 2008, Defendant alleged that the arrears existing on November 19, 2007 consisted of: Payments from May 1, 2007 through July 1, 2007 in the amount of $3,736.23 each, totaling $11,208.69, Payments from August 1, 2007 through November 1, 2007 in the amount of $5,155.29 and totaling $20,621.16, Taxes in the amount of $21,266.96, Foreclosure fees of $77.28, Insurance of $4,952.00, Bankruptcy Attorney fees of $500.00, Other unpaid fees of $85.00, and a Suspense Balance of $(592.06).

64. Defendants' claim March 19, 2008 Proof of Claim filed in Plaintiffs' Chapter 13 does not accurately state the amount of pre-petition arrears.

65. Defendants' March 19, 2008 Proof of Claim does not accurately state the amount of the pre-petition monthly payments that were due between August 1, 2007 and November 1, 2007.

66. The Payment amount for August 1, 2007 through November 1, 2007 appear to be inaccurate, and/or is ambiguous at best, as the arrears for this time period includes principal, interest, taxes and insurance components in addition to the separate line items in the claim for taxes and insurance..

67. Defendants' March 19, 2008 Proof of Claim contains unreasonable, unnecessary, and/or excessive amounts for "Insurance".

68. Plaintiffs have independently maintained property insurance, and the Defendants charge for insurance is unnecessary, duplicative, and unreasonably expensive.

69. The Suspense Balance may also be inaccurate, and/or is ambiguous at best, as it

| | |
|---|---|
| 1 | may include pre-petition charges and fees in violation of the automatic stay. |
| 2 | 70. The taxes listed in the Claim have not been verified. |
| 3 | 71. Also, "Interest from last installment" does not appear be accurate. |
| 4 | 72. Plaintiffs request that on the third cause of action for objection to claim, Plaintiffs |
| 5 | request that Defendants' claim(s) be disallowed and Defendants amend their |
| 6 | claim(s) as to reflect the amounts and items actually owed by Plaintiffs, including |
| 7 | but not limited to pre-petition arrears, taxes, Suspense Balance, and Interest from |
| 8 | last installment. |

WHEREFORE, Plaintiffs request that:

a. on the first cause of action for declaratory relief, that the Court: 1) find and determine the amount of post petition monthly payments, 2) find and determine the extent of Defendants' security interest and the applicability of 11 U.S.C. §§ 1322(b)(2)&(5), 3) find and determine the total arrears owed to Defendants as of November 19, 2007, 4) authorize an accountant to ascertain the actual amount of the debt that Plaintiffs owe to Defendants as of November 19, 2007, 5) Find and determine that Defendant has charged unreasonable and/or excessive insurance charges.

b. on the second cause of action for violation of the automatic stay, 1) the Court order that Defendants cease all actions in violation of the automatic stay, 2) Plaintiffs be awarded damages for actual damages, including damages related to economic damages and emotional distress, 3) costs, 4) attorney's fees, 5) punitive damages pursuant to § 362(k)(1)(formerly 362(h)) in the amount of $250,000.00 or in the amount the Court deems just and proper for egregious, malicious, willful, and unconscionable actions on part of the Defendants, and 6) such other relief as the Court deems to be just

| | | |
|---|---|---|
|1| |and proper.|
|2|c.|on the third cause of action for objection to claim, that Defendants' claim(s) be disallowed and Defendants amend their claim(s) as to reflect the amounts and items actually owed by Plaintiffs, including but not limited to pre-petition arrears, taxes, Suspense Balance, and Interest from last installment. and|
|7|d.|the Court order such other relief as is just and proper.|

Respectfully submitted,

WOLFF & WOLFF

Dated: 11/12/08        By: _____
                             Mark A. Wolff

L:\WW CLIENTS\Simpson, Horace & Gwendolyn Adversary Complaint.wpd November 12, 2008 (11:27am)