JOHN M. SORICH (CA Bar No. 125223)
jsorich@adorno.com
CHRISTOPHER YOO (CA Bar No. 169442)
cyoo@adorno.com
VALERIE K. BRENNAN (CA Bar No. 248148)
vbrennan@adorno.com
ADORNO YOSS ALVARADO & SMITH
A Professional Corporation
1 MacArthur Place, Suite 200
Santa Ana, California 92707
Tel: (714) 852-6800
Fax: (714) 852-6899

Attorneys for Defendants
JP MORGAN ACQUISITION CORP., JP MORGAN
ACCEPTANCE CORPORATION I, AND J.P. MORGAN
CHASE BANK, N.A., erroneously sued as J.P. MORGAN
CHASE BANK

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>Horace M. Simpson<br><br>Gwendolyn Simpson,<br><br>Debtors.<br>_____<br><br>Horace M. Simpson<br><br>Gwendolyn Simpson,<br><br>Plaintiffs,<br><br>v.<br><br>Chase Home Finance LLC and US Bank National Association, JPMAC 2005 WMC 1 JP Morgan Mortgage Acquisition Corp 2005-WC-1, JP Morgan Acquisition Corp.<br>JP Morgan Acceptance Corporation I<br>JP Morgan Chase Bank,<br>Does 1 – 10.<br><br>Defendants. | Case No.: 07-298855-B-13J<br><br>**Adversary Case No.:** 08-02618-B<br><br>**DCN No.** SCY-1<br><br>(Chapter 7)<br><br>The Honorable Thomas Holman<br><br>**MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**Hearing**<br><br>**DATE:** March 3, 2009<br>**TIME:** 9:30 a.m.<br>**CTRM:** 33, 6th Floor<br>**DEPT.:** B |

TO THE HONORABLE THOMAS HOLMAN, UNITED STATES BANKRUPTCY JUDGE, PLAINTIFF, PLAINTIFFS' ATTORNEY OF RECORD, AND ALL INTERESTED PARTIES:

Defendants JP Morgan Acquisition Corp., JP Morgan Acceptance Corporation I, and J.P. Morgan Chase Bank, N.A., erroneously sued as JP Morgan Chase Bank (collectively "JPMorgan Defendants") submit the following Motion to Dismiss the Complaint for Failure to State a Claim for Relief ("Motion") against plaintiffs Horace M. Simpson and Gwendolyn Simpson ("Plaintiffs").

I. **SUMMARY OF MOTION**

The entire action must be dismissed as asserted against the JPMorgan Defendants because none of the JPMorgan Defendants have an interest in the title of the property located at 8319 Harney Way, Sacramento, California ("Subject Property").

It appears that Plaintiffs name the JPMorgan Defendants as parties to this action based on the erroneous contention that the "Deed [encumbering the Subject Property was] transferred to ... JP Morgan Acquisition Corp., JP Morgan Acceptance Corporation I, and/or JP Morgan Chase Bank." *See,* Complaint, ¶ 10.

As reflected in the recorded documents, the JPMorgan Defendant have no recorded interest in the Subject Property. *See,* Request for Judicial Notice ("RJN"), Exhibits 1-4. Indeed, pursuant to an Assignment of Deed of Trust, U.S. Bank National Association, Trustee for "JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" ("USBank") was assigned all beneficial interest under the deed of trust. *See,* RJN, Exhibit 3.

Moreover, Plaintiffs do not list any of the JPMorgan Defendants as a Class 1 creditor under any of the Chapter 13 plans filed by Plaintiffs[1]. *See,* Court Files. Additionally,

Because the JPMorgan Defendants have no interest in the Subject Property and are not

---

[1] In this case, Plaintiffs filed a Chapter 13 Plan on or about November 19, 2007, a First Amended Chapter 13 Plan on or about January 29, 2008, a Second Amended Chapter 13 Plan on or about May 27, 2008, and a Third Amended Chapter 13 Plan on or about October 7, 2008. *See,* Complaint, ¶¶ 19-22. None of the Chapter 13 Plans list any of the JPMorgan Defendants as creditors. *See,* Court Files.

2
MOTION TO DISMISS COMPLAINT

creditors of Plaintiffs' Bankruptcy Estate, Plaintiff fails to state claims for "Declaratory Relief," "Violation of Automatic Stay," and "Objection to Claim" against the JPMorgan Defendants.

As further set forth in the Motion, no claim can be asserted against JPMorgan and the entire Complaint should be dismissed without leave to amend.

**II.  SUMMARY OF RELEVANT FACTS**

- Plaintiffs obtained a mortgage loan in the amount of $650,000.00 ("Loan") from WMC Mortgage Corp. ("WMC") in connection with the Subject Property. The Loan was secured by a deed of trust encumbering the Subject Property that was recorded with the Sacramento County Recorder's Office on June 30, 2005, as instrument number 200506303155 ("DOT"). *See,* RJN, Exhibit 1.

- Plaintiffs failed to comply with the Loan obligations and a Notice of Default and Election to Sell Under Deed of Trust ("NOD") was recorded on or about September 12, 2007 with the Sacramento County Recorder's Office as instrument number 200709120149. *See*, RJN, Exhibit 2.

- An Assignment of Deed of Trust ("Assignment") was recorded on or about October 19, 2007 with the Sacramento County Recorder's Office as instrument number 200710190089. The Assignment identifies USBank as the assignee of all beneficial interest under the DOT. *See*, RJN, Exhibit 3.

- A Substitution of Trustee ("Substitution") was recorded on or about October 25, 2007 with the Sacramento County Recorder's Office as instrument number 200710250181. The Substitution identifies NDEx West, LLC ("NDEx") as the substituted trustee. *See*, RJN, Exhibit 4.

- On or about November 19, 2007, Plaintiff filed a voluntary Chapter 13 petition. *See,* Court Docket; Complaint ¶ 11.

- Plaintiffs subsequently filed a Chapter 13 Plan on or about November 19, 2007, a First Amended Chapter 13 Plan on or about January 29, 2008, a Second Amended Chapter 13 Plan on or about May 27, 2008, and a Third Amended Chapter 13 Plan on

or about October 7, 2008. *See,* Complaint, ¶¶ 19-22.
- None of the Chapter 13 Plans list any of the JPMorgan Defendants as creditors. *See,* Court Files.
- On or about December 14, 2007, Chase Home Finance, LLC as servicing agent for JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" (previously defined as "USBank") filed a Proof of Claim in connection with the Loan and DOT. *See,* Court Files; Complaint, ¶ 24; RJN Exhibit 5.
- On or about March 19, 2008, Chase Home Finance, LLC as servicing agent for JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" (previously defined as "USBank") filed an Amended Proof of Claim in connection with the Loan and DOT. *See,* Court Files; Complaint, ¶ 25; RJN Exhibit 6.
- The JPMorgan Defendants did not file any Proofs of Claim in connection with the Loan and DOT. *See,* Court Files.

### III. THE STANDARD FOR A MOTION TO DISMISS

A motion to dismiss pursuant to Rule 7012(b)(6) of the Federal Rules of Bankruptcy Procedure ("FRBP") tests the legal sufficiency of the claim alleged in the complaint. Thus, a motion to dismiss under may be brought where a plaintiff fails to state a claim upon which relief can be granted. Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiffs' obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). The "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.*

### IV. PLAINTIFFS FAIL TO STATE A CLAIM FOR "DECLARATORY RELIEF" AGAINST THE JPMORGAN DEFENDANTS

Plaintiffs assert a claim for "Declaratory Relief" against the JPMorgan Defendants. *See,*

Complaint, ¶¶ 43-47. In support of this claim, Plaintiffs allege that there "is a dispute as to the amount of the required post petition monthly payments to be made to Defendants[,]" and "the extent of Defendants' security interest[.]" *See,* Complaint, ¶¶ 44-45.

Section 1060, of the *Code of Civil Procedure,* sets forth the requirements for declaratory relief and states in relevant part:

> "Any person interested under a written instrument, excluding a will or a trust, or under a contract, or <u>who desires a declaration of his or her rights or duties with respect to another</u>, ..., may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for <u>a declaration of his or her rights and duties</u> in the premises..." (Emphasis added.)

Thus, an essential element of a cause of action for declaratory relief is that the parties have "rights or duties" with respect to property and the existence of an actual and present controversy must be pleaded specifically. General statements about controversy are useless. *Alturas v. Gloster*, 16 Cal.2d 46, 48 (1940). An actual controversy involving justiciable questions relating to <u>the rights or obligations of a party must exist</u>. *See, Tiburon v. Northwestern Pacific Railroad Co.*, 4 Cal.App.3d 160, 170 (1970); *Wilson v. Transit Authority*, 199 Cal.App.2d at 723-724 (1962).

Moreover, a court can refuse to issue a judicial declaration in a case in which a judicial determination or declaration is not necessary or proper. *Code Civ. Proc.* § 1061

In this case, Plaintiffs' claim for declaratory relief fails for one basic reason: there is no relationship between Plaintiff and the JPMorgan Defendants justifying a declaration of rights because the JPMorgan Defendants hold no interest in the DOT encumbering the Subject Property. *See,* RJN, Exhibits 1-4. Nor have the JPMorgan Defendants filed a Proof of Claim against Plaintiffs' Bankruptcy Estate. *See,* Court Files. Specifically, it was "Chase Home Finance, LLC as servicing agent for US Bank National Association, as Trustee for JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" (previously defined as "USBank") that filed a Proof of Claim in connection with the Loan and DOT. *See,* Court Files; Complaint, ¶ 25; RJN,

Exhibit 6.

Thus, a declaration concerning the amount of the required post petition monthly payments to be made to Defendants[,]" and "the extent of Defendants' security interest" is neither necessary nor proper because the <u>JPMorgan Defendants do not have, nor do they claim, any interest in the Subject Property</u>. *See,* RJN, Exhibits 1-6. As the recorded documents indicate, none of the JPMorgan Defendants are the lender, beneficiary, or trustee pursuant to the DOT. *See,* RJN, Exhibits 1-4.

As such, no controversy exists between the JPMorgan Defendants and Plaintiffs necessitating a determination or declaration of the duties and obligations arising from the DOT with respect to Plaintiffs' Bankruptcy Estate, and the first cause of action must be dismissed.

## V. <u>PLAINTIFFS FAIL TO STATE A CLAIM FOR "VIOLATION OF AUTOMATIC STAY" AGAINST THE JPMORGAN DEFENDANTS</u>

Plaintiffs' second cause of action for "Violation of Automatic Stay" fails to state a claim against the JPMorgan Defendants. *See,* Complaint, ¶¶ 48-61. The wrongdoing alleged by Plaintiffs in support of the third cause of action is:

> "Defendants included taxes and insurance advance [sic] in the March 19, 2008 proof of claim both as separate components of the pre-petition arrears as well as including the missed payments August 2007 through November 2007…[and] Defendants collected or attempted to collect at least a portion of Plaintiffs' pre-petition debts [and] escrow item shortages[.]"

*See,* Complaint, ¶¶ 53-55.

Though Plaintiffs utilize the global term "Defendants" in alleging the wrongdoing within the second cause of action, <u>a cursory review of the Proof of Claim filed on or about March 19, 2008 reveals that it was filed by parties other than the JPMorgan Defendants</u>. *See,* RJN, Exhibit 6. Specifically, it was "Chase Home Finance, LLC as servicing agent for US Bank National Association, as Trustee for JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" (previously defined as "USBank") that filed a Proof of Claim in connection with the Loan and DOT. *See,* Court Files; Complaint, ¶ 25; RJN, Exhibit 6. Thus, no cause of

1068927.2

action for "Violation of Automatic Stay" based on the Proof of Claim filed on or about March 19, 2008 can be state against the JPMorgan Defendants.

Moreover, it is inconceivable that the JPMorgan Defendants "collected or attempted to collect at least a portion of Plaintiffs' pre-petition debts [and] escrow item shortages[,]" when the JPMorgan Defendants did not file any Proofs of Claim in connection with the Loan and DOT (*See,* Court Files), and have no interest in the Subject Property (RJN Exhibits 1-4).

Because Plaintiffs do not and simply could not plead the JPMorgan Defendants violated the automatic stay by filing a faulty Proof of Claim or collecting upon any debt, the second cause of action fails to state a claim against the JPMorgan Defendants.

## VI. PLAINTIFFS FAIL TO STATE A CLAIM FOR "OBJECTION OF CLAIM" AGAINST THE JPMORGAN DEFENDANTS

Plaintiffs' third cause of action for "Objection to Claim" fails as asserted against the JPMorgan Defendants. *See,* Complaint, ¶¶ 62-72. In support of the third cause of action, Plaintiffs vaguely allege that:

> "Defendants' claim March 19, 2008 Proof of Claim filed in Plaintiffs' Chapter 13 does not accurately state the amount of pre-petition arrears…[and] does not accurately state the amount of the pre-petition monthly payments that were due between August 1, 2007 and November 1, 2007."

*See,* Complaint, ¶¶ 64-65.

As is stated above, though Plaintiffs utilize the global term "Defendants" in alleging the wrongdoing within the third cause of action, <u>a cursory review of the Proof of Claim filed on or about March 19, 2008 reveals that it was filed by parties other than the JPMorgan Defendants</u>. *See,* RJN, Exhibit 6. Specifically, it was Chase Home Finance, LLC as servicing agent for JPMAC 2005 WMC 1 JP MORGAN MORTGAGE ACQUISITION CORP 2005-WMC1" (previously defined as "USBank") that filed a Proof of Claim in connection with the Loan and DOT. *See,* Court Files; Complaint, ¶ 25; RJN, Exhibit 6.

Because Plaintiffs do not and simply could not plead the JPMorgan Defendants submitted

7
MOTION TO DISMISS COMPLAINT
1068927.2

any Proof of Claim on March 19, 2008, or any other date, Plaintiffs' third cause of action, along with their broad notion of liability, fails.

## VII. CONCLUSION

For the foregoing reasons, the JPMorgan Defendants respectfully request that this Court grant the Motion to Dismiss without leave to amend.

DATED: January 14, 2009

ADORNO YOSS ALVARADO & SMITH
A Professional Corporation

By: /s/ S. Christopher Yoo
JOHN M. SORICH
CHRISTOPHER YOO
VALERIE K. BRENNAN
Attorneys for Defendants
JP MORGAN ACQUISITION CORP., JP MORGAN ACCEPTANCE CORPORATION I, AND J.P. MORGAN CHASE BANK, N.A., erroneously sued as J.P. MORGAN CHASE BANK